**XF Enterprises Inc. v. BASF Corp.**

148

C.P. of Philadelphia County, no. 9906-1477.

*Timothy C. Russell,* for plaintiff.
*Edward W. Madeira Jr.,* for defendant.

LEVIN, *J.,* July 13, 2000—Before this court are defendants' preliminary objections[1] to plaintiff's class ac-

1. Preliminary objections are submitted on behalf of the following defendants: BASF Corp., Roche Vitamins Inc., Hoffman-La Roche

tion complaint, plaintiff's response and all response hereto. For the reasons set forth below this court sustains defendants' preliminary objections in part and denies them in part.

## DISCUSSION

Defendants attempt to have each of the five claims in the plaintiff's first amended class action complaint dismissed. These claims, which this court will address in order, are as follows: violation of Pennsylvania Antitrust Laws, violation of UTPCPL, civil conspiracy, fraud and negligent misrepresentation.

### Claim 1: Violation of Pennsylvania Antitrust Laws

Defendants argue that this, the claim for violation of Pennsylvania antitrust laws, should be dismissed because there is no recognized cause of action for such a violation in Pennsylvania. This court agrees with the position of defendants.

Plaintiff admits that no Pennsylvania case has awarded damages for a violation of antitrust laws. However, plaintiff argues that this is so, not because there is no cause of action, but rather because the right case has not yet presented itself. This argument relies heavily on language found in the minority opinion of the case of *Collins v. Main Line Board of Realtors*, 452 Pa. 342, 350, 304 A.2d 493, 496 (1973). In *Collins* the plaintiff brought an ac-

---

Inc., Rhone-Poulenc Inc., Rhone-Poulenc Animal Nutrition Inc., Lonza Inc., Degussa Huls Corp., Chinook Group Inc., Ducoa, LP, DCV Inc., Eisai Inc., Takeda Vitamin & Food USA Inc., Daiichi Fine Chemicals Inc., Daiichi Pharmaceutical Corporation, Sumitomo Chemical America Inc., EM Industries Inc., Reilly Industries Inc., Tanabe USA Inc.

tion in equity seeking an injunction to keep the defendant from barring the plaintiff from its real estate listings, as well as an injunction to make plaintiffs members of the defendant's organization and $10,000 compensatory damages and punitive damages. The court ruled in plaintiff's favor on the issue of the injunctions but not on the issue of damages stating that "[t]he record . . . does not provide any legal basis for an award of damages." *Id.* at 352. Plaintiff suggests that this language indicates that the plaintiff had not submitted sufficient evidence to establish damages, rather than that there was no cause of action for these damages available to plaintiff. This court does not agree with this reading of the *Collins* case. The language in question is from a minority opinion, is dicta and is ambiguous at best.

No court to date has held that a private remedy is available for damages under Pennsylvania's common law on antitrust violations. The federal Sherman Act, a codification of the common law of antitrust, additionally provides for liability for damages. Pennsylvania has no legislation which provides for these damages. In commenting on the common law of antitrust the Supreme Court of the United States in *Apex Hosiery Co. v. Leader*, 310 U.S. 469, 497 (1940), stated:

"The common law doctrines relating to contracts and combinations in restraint of trade were well understood long before the enactment of the Sherman Law . . . Such contracts were deemed illegal and were unenforceable at common law. But the resulting restraints of trade were not penalized and gave rise to no actionable wrong."

Without legislation similar to the Sherman Act's, Pennsylvania common law lacks the damage provision necessary to give Pennsylvanians the cause of action which

plaintiff seeks here. The legislators of our state have not passed such an act, however, it is not for a lack of effort. There have been 13 antitrust bills introduced in the General Assembly since 1987. Any one of these bills, if made law, would have provided the private right of action which plaintiff now suggests this court should recognize.

In light of the history of antitrust common law in Pennsylvania, the lack of any precedent recognizing a private cause of action for damages sustained as a result of antitrust activities and the unsuccessful legislative attempts to create such a cause of action, this court feels that it is not the place of a court of common pleas to allow a plaintiff to proceed on the claim at issue.

The preliminary objection to claim one of the plaintiff's first amended complaint is granted.

## Claim 2: Violation of UTPCPL

The court notes that plaintiff filed a praecipe for dismissal of the Count II claims. Accordingly, discussion on this claim is unnecessary and the defendants' preliminary objections on the matter are granted.

## Claim 3: Civil Conspiracy

Defendants preliminarily object to claim three of plaintiff's first amended complaint arguing that because the underlying claim for damages from an antitrust violation has no cause of action, there can be no cause of action for a civil conspiracy to commit the violation. In support of their position defendants cite *Pelagatti v. Cohen*, 370 Pa. Super. 422, 432, 536 A.2d 1337, 1342 (1987). This case states "[A]bsent a civil cause of action for a particular act, there can be no cause of action for civil conspiracy to commit that act."

Plaintiff counters by suggesting that even if there is not a cause of action for damages there is indisputably a cause of action for an injunction. While this may indeed be true, the injunction is an equitable remedy which should not support any cause of action beyond the equitable relief which it may provide. To allow the plaintiff to use a claim of civil conspiracy as a means of collecting damages which are not allowable by Pennsylvania's antitrust law, as discussed above, is clearly not a proper use of the conspiracy claim and can only lead to mischief. Accordingly, this court is not persuaded that plaintiffs can use this as a back door means of recovering damages from defendants.

The preliminary objection to claim three of the plaintiff's first amended complaint is granted.

## Preliminary Objections to All Counts

The defendants have entered preliminary objections, which are based on the rules of civil procedure regarding specificity of pleadings, on all of plaintiff's claims. Specifically, defendants object to claims two and four under Pa.R.C.P. 1028(a)(2) which allows preliminary objections to be filed alleging failure of a pleading to conform to law or rule of court. The rule which defendants allege is not being complied with in these claims is Rule 1019(b) which states that averments of fraud or mistake shall be averred with particularity.

Defendants also assert under Rule 1028(a)(2) that claims one, three and five fail to comply with Rule 1019(a) which requires the material facts on which a cause of action is based to be stated in a concise and summary form. They also challenge these claims under Rule 1028(a)(3) which allows preliminary objections to

be filed where there is insufficient specificity in a pleading.

The court does not find plaintiff's claims to be lacking in particularity or specificity. Plaintiff's claims are concise and well-pled. Consequently, defendants' preliminary objections based on Rules 1028(a)(2) and 1028(a)(3) are denied. Unless otherwise barred above, plaintiff's claims may proceed.

For the foregoing reasons the court enters the following order.

## ORDER

And now, July 13, 2000, upon consideration of the preliminary objections, oral arguments and supporting briefs of defendants to plaintiff's class action complaint and plaintiff's responses thereto, it is hereby ordered that:

(1) Defendants' preliminary objections to plaintiff's complaint claims I, II and III are sustained. These counts are dismissed with prejudice.

(2) Defendants' preliminary objections to plaintiff's complaint claims IV and V are denied.

Defendants shall answer plaintiff's complaint within 20 days of this order.